UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:07- CV-26-KKC

IN RE:

MICHAEL J. RAGLE and
TAMMY J. RAGLE                                                                          DEBTORS

_____

RICHARD F. CLIPPARD,
United States Trustee                                                                   APPELLANT,

v.                                      **OPINION AND ORDER**

MICHAEL J. RAGLE and
TAMMY J. RAGLE,                                                                         APPELLEES.

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

The United States Trustee appeals from the bankruptcy court's Opinion and Order overruling the Trustee's Motion to Dismiss the Debtors' bankruptcy petition. For the following reasons, the court will dismiss this appeal for lack of jurisdiction.

  I.  **FACTS.**

  A.  **The Means Test for Abusive Bankruptcies.**

The Bankruptcy Code (the "Code") authorizes bankruptcy courts to dismiss a Chapter 7 bankruptcy case upon a finding of abuse. Section 707(b) of the Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (Apr. 20, 2005), provides, in pertinent part, the following:

> (b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief

would be an abuse of the provisions of this chapter.

11 U.S.C. § 707(b)(1).

Section 707 also provides that the court must presume abuse exists if the debtor's current monthly income reduced by certain allowed expenses indicates a certain level of disposable income. 11 U.S.C. § 707(b)(2)(A)(I). The provision containing the formula for making this determination is commonly referred to as the "means test" and it was added to the Bankruptcy Code by BAPCPA. If, under the means test, a presumption of abuse applies to a debtor's bankruptcy petition, the debtor may rebut that presumption by demonstrating "special circumstances" under 11 U.S.C. § 707(b)(2)(B). However, even where there is no presumption of abuse or where the presumption is rebutted, the court may still dismiss a case where the debtor's petition was filed in bad faith or the "totality of the circumstances" of the debtor's financial situation demonstrates abuse. 11 U.S.C. § 707(b)(3). *See In Re Zaporski*, 366 B.R. 758, 762-63 (Bankr. E.D. Mich. 2007).

**B.     The Deduction for Monthly Expenses under the National and Local Standards.**

Specifically at issue in this case is the provision permitting debtors to deduct from their current monthly income:

> the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides.

11 U.S.C. § 707(b)(2)(A)(ii)(I).

These National and Local standards issued by the IRS are part of the Service's Collection Financial Standards and are set forth in a series of tables that are only available on the internet.[1] On

---

[1] The directions for accessing the tables are found in the Financial Analysis Handbook which is contained in the IRS's Internal Revenue Manual (the "IRM"). The IRM can be found on the IRS's website at www.irs.gov/irm.

the web page where the tables are located, www.irs.gov/individuals/article/0,,id=96543,00.html , the IRS explains that the Collection Financial Standards are used by the IRS to help determine a taxpayer's ability to pay a delinquent tax liability. The page contains the following disclaimer:

> IRS Collection Financial Standards are intended for use in calculating repayment of delinquent taxes. These Standards are effective on October 1, 2007 for purposes of federal tax administration only. Expense information for use in bankruptcy calculations can be found on the website for the U. S. Trustee Program. For bankruptcy purposes, the effective date for the standards will be January 1, 2008, to allow for the orderly administration of the bankruptcy laws.

The IRS web page contains a link to the website for the U.S. Trustee Program, www.usdoj.gov/ust/. From the U.S. Trustee Program website, a debtor can access the data required for making the calculations required under the means test including the Local and National Standards in effect at the time the debtors filed their bankruptcy action. The National Standards are a series of tables which contains the following categories of expenses: food, housekeeping supplies, apparel and services, personal care products and services, and miscellaneous. The applicable table depends upon the number of persons in the debtors' home. The applicable expense amount depends upon the debtors' gross monthly income.

As to the Local Standards, the U.S. Trustee Program website explains that these standards published by the IRS consist of two primary expense categories: "Housing and Utilities" and "Transportation." The website further explains that the Transportation Standards consist of two components: the "Operating Costs & Public Transportation Costs" component and the "Ownership Costs" component. At issue here is the Ownership Costs component. On the web page, the U.S. Trustee Program explains that the Ownership Costs are "published on a national basis, by number

---

The Financial Analysis Handbook is found at part 5.15 of the IRM. The directions for accessing the Local and National Standards tables are contained in Exhibit 5.15.1-2 of the Financial Analysis Handbook.

of cars."

The Ownership Costs table consists of two columns – titled "First Car" and "Second Car" – and one row titled "National." The Ownership Costs table applicable to debtors who filed a bankruptcy action at the time that the Debtors filed their action provided an ownership cost of $471 for the first car and $332 for the second car.

On its web page containing the Collection Financial Standards, the IRS explains that the Local Standards for "Ownership Costs" consist of "nationwide figures for monthly loan or lease payments." In the Opinion under review, the bankruptcy court determined that the Debtors could deduct from their current monthly income an "Ownership Cost" amount for their 1987 Honda Accord even though the Debtors owned the car free and clear of any debt. *In re Ragle*, 2007 WL 1119632, at *4-5 (Bankr. E.D.Ky. March 23, 2007). There was no dispute before the bankruptcy court, and there is no dispute here that, with this deduction, the presumption of abuse does not arise with regards to the Debtors' bankruptcy petition. Thus, the bankruptcy court denied the Trustee's motion to dismiss which argued that the petition should be dismissed as abusive under 11 U.S.C. § 707(b)(1).

On appeal, the Trustee argues that the Debtors should not be permitted to deduct "Ownership Costs" for the Honda because they had no such costs since the car was not subject to a loan or lease payment. The Debtors, on the other hand, argue that a debtor may take the deduction even where he owns his vehicle free and clear of any debt.

This is an issue that has been heavily litigated since the enactment of BAPCPA with an almost even split among the courts that have addressed it. *See In re Canales*, – B.R. – , 2007 WL

4

3261527, at * 4 (Bankr. C.D. Cal., Oct. 31, 2007) (citing cases); *see also In re Brown*, 376 B.R. 601, 604-05 (Bankr. S.D. Tex., Oct. 16, 2007) (stating "[t]he case law is so evenly divided that neither position can fairly be characterized as the majority"). In this judicial circuit, the courts that have addressed this issue have sided with the debtor, allowing him to take the deduction even where he owes no debt on his vehicle. *See In re Smith*, 2007 WL 1836874, at *6 (Bankr. N. D. Ohio, June 22, 2007); *In re* Zaporski, 366 B.R. 758, 766 (Bankr. E.D. Mich. April 17, 2007); *In re Billie*, 367 B.R. 586, 592 (Bankr. N. D. Ohio April 10, 2007); *In re Crews*, 2007 WL 626041, at *3 (Bankr. N.D. Ohio, Feb. 23, 2007); *In re Zak*, 361 B.R. 481, 488 (Bankr. N. D. Ohio, Jan. 12, 2007); *In re McIvor*, 2006 WL 3949172, at *4 (Bankr. E.D. Mich. Nov. 15, 2006).

**II.     JURISDICTION.**

As a threshold matter, though neither party has done so, this court must address whether it had jurisdiction over this appeal from the bankruptcy court's opinion denying the Trustee's motion to dismiss. This court has jurisdiction to hear an appeal from a bankruptcy court's final judgment, order, or decree and, with the court's leave, a district court may also hear appeals from interlocutory orders and decrees. 28 U.S.C. § 158(a)(1), (3). Thus, parties in a bankruptcy action may appeal a final order as a matter of right but may only appeal interlocutory orders with the leave of the court.

For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the courts to do but execute the judgment." *In re the V companies*, 292 B.R. 290, 292 (6th Cir. BAP 2003) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798(1989)). The Sixth Circuit has also held that a bankruptcy court order is final when it "finally disposes of discrete disputes within the larger case." *In re Dow Corning*, 86 F.3d 482, 488 (6th Cir. 1996)(citing *In re*

5

*Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir.1983)).

But even under this more liberal view of finality, the denial of a motion to dismiss a bankruptcy petition is not a final order. *In re the V companies*, 292 B.R. at 292 (citing *Archie v. Lanier*, 95 F.3d 438, 442 (6th Cir.1996); *Kelly, Howe & Scott v. Giguere (In re Giguere)*, 188 B.R. 486, 488 (D.R.I.1995)). "While an order dismissing a bankruptcy case is a final order appealable by right, orders denying a motion to dismiss are interlocutory in nature and are only appealable by leave of the court." *In re Jackson*, 190 B.R. 808, 810 (W.D.Va. 1995). As will be explained more fully below, the bankruptcy court's order did not finally dispose of either the abuse issue or the ultimate issue of whether the Debtors' petition should be dismissed. It finally disposed only of the issue of whether a presumption of abuse should apply to the Debtors' petition.

The Trustee has not filed a motion for leave to appeal as required under Federal Rule of Bankruptcy Procedure 8001(b). Nevertheless, Rule 8003(c) provides that, where a motion for leave to appeal is not filed, a district court may treat a timely notice of appeal as a motion for leave to appeal. *See In re The V Companies*, 292 B.R. at 292. Thus, the court will treat the Trustee's timely notice of appeal as a motion for leave to appeal.

Section 158(a)(3) does not list any factors to guide the court in determining whether an interlocutory appeal is appropriate. Thus, courts apply the standards provided in 28 U.S.C. § 1292(b) which governs interlocutory appeals to federal courts of appeals from district court orders. *See In re Eggleston Works Loudspeaker Co.*, 253 B.R. 519, 521 (6th Cir. BAP 2000).

Section 1292(b) provides the following:

When a district judge, in making in a civil action an order not otherwise appealable

under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. 1292(b).

In applying § 1292(b), the Sixth Circuit requires that four elements be met: (1) the question involved must be one of "law"; (2) it must be controlling; (3) there must be substantial ground for "difference of opinion" about it; and (4) an immediate appeal must materially advance the ultimate termination of the litigation. *See WCI Steel, Inc. v. Wilmington Trust Co.*, 338 B.R. 1, 13 (N.D. Ohio 2005); *In re M.T.G., Inc.*, 298 B.R. 310, 315 (E.D.Mich.2003) (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir.1974)).

The issue presented on this appeal is whether, under the means test, a debtor may deduct "Operating Costs" from his current monthly income for a car that he owns free and clear of any debt. There is clearly substantial ground for a difference of opinion on this issue as demonstrated by the heavy litigation involving it and the split of authority resolving it. Further, this is purely a question of law.

Nevertheless, it is not a "controlling" issue of law. "A legal issue is controlling if it could materially affect the outcome of the case." *WCI Steel, Inc.*, 338 B.R. at 14 (quoting *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir.2002)). The bankruptcy court has held only that a presumption of abuse does not arise with regard to the Debtor's bankruptcy action. If this court should uphold that order, the bankruptcy court must then consider whether "the totality of the circumstances" of the debtor's financial situation demonstrates abuse under 11 U.S.C. § 707(b)(3). *See* 11 U.S.C. § 707(b)(3)(providing that, in considering whether to dismiss a petition for abuse in cases in which the

presumption of abuse does not arise, the court *shall* consider whether the totality of the circumstances indicates abuse); *In re Mestemaker*, 359 B.R. 849, 855 (Bankr. N.D. Ohio 2007)(a court *must* consider a debtor's actual debt-paying ability in ruling on a motion to dismiss based on abuse where the presumption does not arise or is rebutted).

If, on the other hand, this court should reverse the bankruptcy court's order, it would only mean that a presumption of abuse should apply to the Debtor's action. A reversal would not mean that the Debtors' action should be dismissed. The Debtors could still rebut the presumption by a showing of special circumstances under 11 U.S.C. § 707(b)(2)(B). Thus, as the Trustee recognizes in his reply brief, even if "the presumption of abuse arises in this case, it is not the end of the inquiry." (Rec. No. 8, Reply at 10). Indeed, the Debtors already presented a "special circumstances" argument to the bankruptcy court that the bankruptcy court did not address given its ruling that the presumption of abuse did not apply to the Debtors' petition.

Accordingly, while the bankruptcy court's order determines the issue of whether the Debtors' action is presumptively abusive, it does not determine the ultimate issue of whether the Debtors' action is actually abusive. Thus, the bankruptcy court's order does not materially affect the outcome of this case.

Finally, an immediate appeal of this issue will not materially advance the ultimate termination of litigation. No matter how this court rules, the litigation will not terminate. If the court upholds the bankruptcy court, then the bankruptcy court must address the "totality of the circumstances." If the court reverses the bankruptcy court, then the bankruptcy court must address the argument put forth by the Debtors that dismissal is not warranted because of "special

circumstances." Either way, the litigation will continue.[2]

For these reasons, the court hereby ORDERS the following:

1)  the Trustee's Motion for Leave to Appeal is DENIED;

2)  this appeal is DISMISSED for lack of jurisdiction; and

3)  this matter is REMANDED to the bankruptcy court.

Dated this 3rd day of December, 2007.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

---

[2] The court expresses no opinion as to whether a bankruptcy court order would be appropriate for interlocutory appeal where the order denies a motion to dismiss after finding that no presumption of abuse applies and that the totality of the circumstances does not indicate abuse. In this case, the bankruptcy court opinion did not address the totality of the circumstances. This was because the Trustee moved to dismiss solely on the basis that a presumption of abuse applied.